## BELL *v.* WOODWARD *& als.*

Where, upon different pleas, different and distinct issues are joined between the plaintiff and several defendants, the court possess the power, and, upon good cause shown, will direct separate trials on the several issues.

In a writ of entry, where there are several defendants, who severally plead different pleas, some of which go to the merits and others only to excuse those offering them, on which different issues are joined; and where one of the defendants, who disclaims, is shewn to be an important and material witness for his co-defendant, who pleads sole tenancy and the general issue, on the issue with him; the court, upon application for that purpose, will direct separate trials on the several issues, in such order as will enable the defendant who sets up title in the demanded premises to avail himself of the material testimony of his co-defendant, if, upon the trial of the issue joined with that co-defendant, he shall be discharged from liability.

WRIT OF ENTRY, brought by Joseph Bell against Joshua, Joshua Henry, and James Woodward, 2d.—James Woodward,

2d, pleaded sole tenancy in himself and the general issue. Joshua Woodward and Joshua Henry Woodward severally disclaimed. The plaintiff joined the general issue pleaded by James Woodward, 2d, and to each of the disclaimers of the other defendants replied, that the defendant disclaiming, was, at the commencement of the suit, in possession of the demanded premises, claiming freehold; upon which replications said Joshua and Joshua Henry Woodward severally joined issue.

At the October term of the Court of Common Pleas, 1852, the counsel for the defendants moved that the issues between the plaintiff and said Joshua and Joshua Henry be first tried, in order that said Joshua, if the issue to which he is a party be found in his favor, may be a witness for said James on the issue with him. It appeared from papers and evidence produced, that said Joshua was probably a very material witness in the case ; and thereupon the questions arising upon this motion were transferred to the Superior Court.

*N. B. Felton,* for the defendants.

1. The issues are entirely distinct, and depend on different facts. James admits by his plea that he is in possession of the demanded premises claiming the freehold, and claims title. The other defendants deny their own possession, and admit the plaintiff's title as against them.

James Woodward's plea is in fee ; the other pleas are in abatement, or in the nature of pleas in abatement. *Mills* v. *Pierce,* 2 N. H. 9, with which all the New-Hampshire cases agree. Stearns on Real Actions 194 ; *Brown* v. *Miltimore,* 2 N. H. 442.

If two are sued jointly, and one disclaims, the disclaimer vests the whole title in the other tenant. Stearns on Real Actions 194.

On one issue the title is in question ; on the others, the costs only ; and in the latter case it is as though the defendants were defaulted and put to the trial of some question affecting the costs only.

2. The defendants insist that a separate trial may properly be allowed, or at least that a verdict may be taken, if the facts will

warrant it, for the defendants disclaiming, in season to make them witnesses for James. *Bute & al.* v. *Russell & als.*, 1 M. & M. 332 ; 22 Eng. Com. Law. Rep. 327, and note *a.*

The defendants disclaiming seem not to be competent witnesses for James Woodward, 2d, in the present state of the record. Jackson on Real Actions 84, 85 ; *George* v. *Sargent*, 12 N. H. 314.

It may be that although James should prevail, the plaintiff might have judgment against Joshua and Joshua Henry for costs, inasmuch as they admit by their pleas that the plaintiff has a good title against them. If this be so, it will make no difference with them which way the verdict may be on the other issue, and they may be competent. If they are held to be competent, we will waive the motion for separate trials. If they are incompetent, and can in no way be rendered competent, then it will be in the power of plaintiffs, in very many cases, to silence the only witnesses for the defence, by joining them as defendants in the action, and the best titles may be lost in consequence.

*H. A. Bellows*, with whom was *C. E. Thompson*, for the plaintiff. The question is, will the Court direct a special trial in a writ of entry, for the purpose of having some of the defendants acquitted with a view to their being witnesses for the other defendants. In civil actions we think there is no such practice, though special trials are had in criminal cases. We remember no instance in New-Hampshire. The naked question here is, whether, on the mere suggestion that the testimony of one or more of the defendants is needed by the others, a special trial will be ordered. As we understand it, this matter is purely within the discretion of the judge who tries the cause. And if in the trial no evidence is produced against one or more of the defendants, rendering it probable that they were joined to exclude them, the court will direct a verdict of acquittal to be rendered, after the close of all the evidence to be adduced. But if any evidence whatever is offered, the court will not interfere. To warrant their interference, the want of such evidence must

be so glaring as to afford strong grounds to believe that such defendant was joined to exclude him. 1 Chitty's Pl., sec. 356, 357, 358, 360, 361, notes; 1 Phill. Ev. 73 to 76, and notes; 2 Cowen's Phillips, notes 130, 131; 2 Starkie's Ev. 766, and notes.

Such defendant is not entitled to have a separate verdict, if there be any evidence against him, though not enough to warrant a verdict against him. 3 U. S. Dig. 625, No. 206; 5 ditto 967, No. 268; 9 ditto 437, No. 60; 7 Taunton 599; 3 Eng. Com. L. Rep. 100; 21 ditto 396; 14 Johns. 122; same, 166; 6 Cowen 314; 4 Wendell 457; 10 Pick. 16; 17 Pick. 267; 2 Sumner's C. C. R. 18.

It is clear that the matter of a separate verdict is not of right, but addressed to the discretion of the judge who tries the action; and the exercise of this discretion must depend upon the fact whether there is any evidence against the defendant. The defendant cannot demand it. 4 Bibb 207; 2 Cowen's Phil., note 132; 13 Metcalf 1; 2 Stephens' Nisi Pr. 1735, 6.

FOWLER, J. The question raised by the motion in this case has been discussed by the counsel for the plaintiff, as if it were an application of one of several wrong doers to be discharged before the close of a trial, in order that he might become a witness for the others, and we think he has correctly stated in his argument the principle of the decisions in cases of that character. We understand it to be well settled that on trials of that kind, if no evidence is produced against one or more of the defendants upon the close of the plaintiff's evidence, the court will direct a verdict in their favor. The want of evidence against them must be so obvious as to raise a presumption that they were made parties for the purpose of excluding their testimony, and the discretion of the judge who tries the cause must decide whether the state of the evidence is such as to justify or require his interference.

But the motion does not seem to have any thing in common with that for the discharge of a joint tort feasor, except in the

object to be attained; that of the admission of the defendant who may be discharged, as a witness for his co-defendant. The question here presented is, whether, in a writ of entry, where there are several defendants, who severally plead different pleas, some of which go to the merits, and others only to excuse those offering them, on which different issues are joined, the defendants are entitled to, or should be allowed to have separate trials, so that one defendant, who is shown to be an important and material witness for another defendant on the issue with him, if discharged on the trial of his own issue, may afterwards be permitted to testify for his co-defendant on that trial of the issue between him and the plaintiff.

It has been suggested by the plaintiff's counsel, in the course of the discussion, that although courts are in the habit of deciding, in prosecutions for criminal offences against several, whether they shall be tried together or separately, and if separately, which shall be first tried, they possess no such power in civil causes against several defendants. The unquestioned and undisputed existence of this power in criminal cases, and its frequent exercise by all courts of criminal jurisdiction, would of itself raise a very strong presumption in favor of its existence in civil cases falling within the same principle, even if no case of the exercise of it could be found. But the authorities seem to us clearly to establish the principle, that where several defendants sever in their pleadings, and different issues are joined upon them, the various issues may be separately tried, and that the court has the power to determine which of such issues shall be first tried.

In an action against two, if one pleads to the action and the other in abatement of the writ, the plea in abatement shall be first tried, because, if it be found, all the writ shall abate.   2 Rolle's Ab. 628, pl. 7 ; 2 Bro. Ab. 300, 301.

If writ of error be brought against recoverer, and *scire facias* against ter-tenant, and recoverer pleads misnomer of the plaintiff, this shall be tried before the court shall proceed to examine the errors against the ter-tenant. Ditto, pl. 8 ; 1 Bro. Abr. 237.

If, in an action against two, one of the defendants plead a plea in abatement, and the other a plea which goes to the action, and issues be joined upon both pleas, the issue upon the plea in abatement ought to be first tried, because if this be found against the plaintiff, the whole action abates. 6 Bacon's Abr., Trial K, p. 653; 11 Co. Rep. 5; *Cobb* v. *Heydon,* Cro. Jac. 349.

If, in an action against two, the one pleads to the writ, the other to the action, the plea to the writ shall be first tried; for if that be found, all the whole writ shall abate and make an end to the business. Coke Littleton 125, *b;* 21 Viner's Ab. (Trials M. 6.) pl. 11, 12, 13, p. 20.

If in a plea personal against divers defendants, the one defendant pleads in bar to parcel, or which extendeth only to him that pleadeth it, and the other pleadeth a plea which goeth to the whole, that is, to the plaintiff's right to recover as against both defendants, the latter shall be first tried, for the trial of that goeth to the whole, and the other defendant shall have the advantage thereof, for the discharge of one is the discharge of both. In a plea real, it is immaterial which issue is first tried, for every tenant may lose his part of the lands. As if a precipe be brought as heir to his father against two, and one plead a plea which extendeth but to himself, and the other plead a plea which extendeth to both, and it is found for him, yet the other issue shall be tried, for he shall not take advantage of the plea of the other, because one joint tenant may lose his part by his misplea. But where an issue is joined for part, and a demurrer for the residue, the court may direct the trial of the issue, or judge the demurrer first, at their pleasure. Coke Litt. 125, *b;* *Marlee* v. *Ayliffe & al.,* Cro. Jac. 134.

In *Eames* v. *Stevens,* 6 Foster 121, the general proposition is laid down that defendants by pleading severally do not, as a matter of right, thereby entitle themselves to several trials, but that it is within the discretion of the court which tries the case to say whether separate trials shall be had or not. And the same doctrine is advanced in *Sawyer* v. *Merrill,* 10 Pick. 18, and in *Donell* v. *Johnson & al.,* 17 Pick. 267. These were all

actions where the defendants severally pleaded substantially the same pleas, and do not conflict with the views we entertain upon the case before us.   It is undoubtedly correct, that where the pleas of all the defendants are alike, and they apparently plead severally for the sole purpose of obtaining separate trials, it is entirely in the discretion of the court that tries the action, whether to try the issues separately or together.   But where, as in the case before us, in a writ of entry, the pleas are various, some going only to discharge those who present them, and others to the foundation of the plaintiff's right of action, and the issues arising upon them, and joined between the parties, are different and distinct, and where it is evident, not only that different evidence must be offered on the several issues, and different findings be necessarily returned for or against the several defendants, but that much practical inconvenience from a liability to mix up the testimony applicable to the different issues would be likely to arise on the trial ; and where, moreover, it appears, from papers and evidence produced, that one of the defendants is a very material witness for his co-defendant, and he cannot be a witness until discharged by a verdict, which cannot be obtained if there be any evidence against him, we have no doubt the court possess the power, and should allow separate trials on the several issues joined between the plaintiff and defendants, in such order as will enable the defendant, setting up title in the demanded premises, to avail himself of the material testimony of his co-defendant, if upon the trial of the issue joined with that co-defendant he shall be discharged from liability.

In arriving at the foregoing conclusion we have not deemed it necessary to decide whether or not the several issues joined upon the disclaimers, and upon the pleas of sole tenancy and nul disseizin, are so entirely distinct and disconnected — those upon the disclaimers being apparently collateral to the other — that the defendants disclaiming might be disinterested and competent witnesses on the separate trial of the issue with the other defendant, even before the determination of their own issues in their favor.   That must depend upon the question whether or

not they would be liable to costs in the event of those issues being found against them, if the issue with their co-tenant should be found in his favor. As the disclaimers admit the plaintiff's title to the premises, so far as those defendants are concerned, and the issues are solely upon their possession claiming freehold at the time of suit brought, so as to have been properly made defendants, it would seem that the right of the plaintiff to recover costs against them ought not to depend upon the result of the trial of the issue involving the title to the land in controversy between the plaintiff and their co-defendant, but upon the fact of their having been or not in possession as alleged, inasmuch as those costs are not an incident of a judgment upon the merits, but form the sole question in the issue on the disclaimers. Still it must be wholly immaterial to the plaintiff whether the defendants disclaiming were or not in possession of the demanded premises at the commencement of the suit, if he had himself no title to them; and our statute provides that the defendant who disclaims shall recover costs, unless the plaintiff shall maintain his writ as to the whole or part of the demanded premises. Rev. Stat., ch. 186, sec. 13. See, also, *George* v. *Sargent*, 12 N. H. 316. As the determination of this point was not necessarily involved in the decision of the question raised by the motion, we have preferred to avoid the expression of any opinion upon it.

We are satisfied that, in any view of the case that may be taken, the court possess the power to make the desired order, consistently with well settled principles and numerous decisions, and that it is their duty to protect the party against the loss of material evidence, of which he would be deprived without their interference to direct separate trials on the several issues.

*Motion granted.*